IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| TESHIKA HOLMES, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| FINANCIAL RECOVERY | ) |
| SERVICES, INC., a corporation; | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant states as follows:

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), Telephone Consumer Protection Act[1], 47 U.S.C. § 227 ("TCPA") and out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

---

[1] Any reference the FDCPA or TCPA or any part thereof encompasses all relevant parts and subparts thereto.

## **JURISDICTION**

2. Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiff in Alabama. All the actions described in this suit occurred in Alabama.

3. Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## **VENUE**

4. Venue is proper as Plaintiff lives in this judicial district, the events took place in this judicial district, and the Defendant does business in this judicial district.

## **PARTIES**

5. Plaintiff Teshika Holmes (hereinafter "Plaintiff") is a natural person who is a resident of this judicial district in Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Financial Recovery Services, Inc., ("Defendant" or "FRS[2]") is a foreign debt collection firm that engages in the business of debt collection in this judicial district in Alabama. It is a "debt collector" under the FDCPA. It is incorporated in Minnesota and has its principal place of business is in Minnesota.

7. Defendant FRS, upon information and belief, allegedly buys allegedly defaulted consumer debt or otherwise collects on alleged default debts.

## RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS

8. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

9. Congress recognized that there are four social ills caused by abusive debt collection: (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

10. Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

11. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

---

[2] "FRS" means FRS directly or through its debt collectors, employees and agents who took any collection action against Plaintiff.

(a) There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts.**

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## FACTUAL ALLEGATIONS

12. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. The alleged debt at issue related to a supposed Target credit card.

14. FRS started collection activities against Plaintiff for this alleged debt.

15. FRS started a campaign of deliberate intent to harass and oppress Plaintiff to force Plaintiff to pay FRS.

16. FRS knows that Plaintiff does not owe any money to FRS on any alleged debt or does not owe the amount FRS has represented is owed.

17. FRS has called Plaintiff multiple times to collect this debt.

18. FRS did this and other types of wrongful actions in an attempt to harass and intimidate Plaintiff into paying FRS.

19. FRS has repeatedly misrepresented the character, nature, and amount of the debt as no debt is owed and even if there was a debt owed it is not in the amount that FRS has represented.

20. FRS refused to stop calling and instead continued to call with the intent to annoy, harass, or abuse the Plaintiff.

21. Plaintiff told FRS she disputed the debt.

22. The FDCPA allows a consumer to dispute a debt over the phone.

23. FRS told Plaintiff she could not dispute the debt unless she called Target.

24. This is not true and violates the FDCPA.

25. FRS told Plaintiff a letter was mailed on July 11th regarding the debt.

26. Plaintiff told FRS that she thought she had 30 days to dispute the debt.

27. FRS told Plaintiff that unless Plaintiff contacted Target she had no right to dispute the debt.

28. FRS told Plaintiff she had to make payment arrangements by phone or a judgment would be filed against her.

29. FRS never filed a lawsuit, and never attempted to file a lawsuit against Plaintiff.

30. FRS lied and threatened Plaintiff with the filing of a "judgment" to intimidate her into entering a payment arrangement.

31. FRS falsely stated Plaintiff agreed to a payment arrangement in August 2012 when Plaintiff had not agreed to any arrangement over the phone.

32. On or about July 25, 2012, FRS (a collector and supervisor) called Plaintiff to find out why she was disputing the debt.

33. FRS changed the day to receive a payment from Plaintiff from August to July 31, 2012 in the bogus "payment arrangement."

34. FRS told Plaintiff that it was useless to dispute the debt since FRS lowered the amount owed.

35. The misrepresentations and unfair collection practices violate the FDCPA.

36. FRS also refused to give the Plaintiff the required disclosures in writing and during phone conversations and this was designed to limit Plaintiff's knowledge of Plaintiff's rights and the protections that the law gives Plaintiff when dealing with a debt collector such as the FRS.

37. The FDCPA violations were not an oversight by the FRS but instead were a calculated piece of the plan to do everything possible to intimidate or trick the unsophisticated consumer Plaintiff into paying this debt by minimizing

the likelihood that the Plaintiff would understand Plaintiff's legal rights and by discouraging Plaintiff from exercising Plaintiff's legal rights.

38. The volume, type, and content of the calls are harassing as the intent and motive behind them is to harass Plaintiff into paying FRS.

39. FRS has violated the TCPA by illegal auto dialed calls, pre-recorded messages and/or machine generated messages to Plaintiff's cell phone.

40. FRS has refused to apologize to the Plaintiff in writing for its collection conduct.

41. FRS has refused to apologize orally to the Plaintiff for its collection conduct.

42. Defendant FRS knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiff (and all others similarly situated) would be harassed, oppressed, abused and otherwise harmed by the various FDCPA violations in this Complaint.

43. The debt being collected is a consumer debt as defined by the FDCPA.

44. All actions taken by employees, agents, servants, or representatives of any type for the Defendant FRS were taken in the line and scope of such individuals' employment, agency or representation.

45. All actions taken by the Defendant FRS were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its

actions were taken in violation of the FDCPA and/or state law and/or that it knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

46. Defendant FRS has engaged in a pattern and practice of wrongful and unlawful behavior and as such Defendant FRS is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

47. Defendant FRS is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

## SUMMARY

48. All of the above-described collection activities made to Plaintiff by Defendant FRS were made in violation of the FDCPA, including (but not limited to) §§1692d, 1692d(2), 1692d(5), 1692d(6), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692f(6), 1692g, and 1692g(a).

49. The above-detailed conduct by the Defendant FRS of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

50. This series of abusive collection actions by Defendant FRS caused Plaintiff stress and anguish.

51. Defendant FRS 's attempts to collect this debt from Plaintiff and refusal to stop violating the law is an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

52. Defendant FRS violated the TCPA by its calls to Plaintiff's cell phone.

53. Plaintiff has suffered actual damages as a result of these illegal actions by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

54. Defendant FRS negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## RESPONDEAT SUPERIOR LIABILITY

55. The acts and omissions of FRS's agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal FRS.

56. The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by FRS in collecting consumer debts.

57. By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal FRS.

58. FRS is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

59. FRS negligently and/or wantonly and/or hired, retained, trained or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. The acts and omissions of Defendant FRS constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff, including (but not

limited to) §§1692d, 1692d(2), 1692d(5), 1692d(6), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692f(6), 1692g, and 1692g(a).

62. As a result of Defendant FRS's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant FRS.

## COUNT II.

## INVASION OF PRIVACY

63. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

64. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant FRS violated Alabama state law as described in this Complaint.

65. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

66. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

67. Defendant FRS intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

68. Defendant FRS intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

69. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

70. The conduct of Defendant FRS, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant FRS which occurred in a way that would be highly offensive to a reasonable person in that position.

71. All of the other wrongful acts described in this Complaint demonstrate the wrongful scheme, plan, and design of Defendant FRS in its campaign of improper debt collection which has led to the Plaintiff's privacy being invaded.

72. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant FRS.

73. All acts of Defendant FRS were committed with malice, intent, wantonness, and/or recklessness and as such Defendant FRS is subject to punitive damages.

## COUNT III.

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

74. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

75. Defendant FRS's collectors are allowed and encouraged to break the law in order to collect debts.

76. This includes all of the violations of the law described in this Complaint.

77. Defendant FRS is aware of the wrongful conduct of its collectors.

78. Defendant FRS negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant FRS is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT IV.

### NEGLIGENT, WANTON, MALICIOUS, AND INTENTIONAL CONDUCT

79. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

80. Defendant FRS had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

81. Defendant FRS had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

82. Defendant FRS acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

83. Defendant FRS violated all of the duties Defendant FRS had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly and negligently.

84. It was foreseeable, and Defendant FRS did in fact foresee it, the actions of Defendant FRS would lead and did lead to the exact type of harm suffered by Plaintiff.

85. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

86. Defendant FRS invaded the privacy of Plaintiff as set forth in Alabama law.

87. As a result of this conduct, action, and inaction of Defendant FRS, Plaintiff has suffered damages as set forth in this Complaint.

## COUNT V.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) (47 U.S.C. § 227)

88. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

89. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the calls by illegal automatic dialers, predictive dialers, and/or illegal pre-recorded (or machine generated) messages by Defendant.

90. Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant in the amount of at least $500.00 per call and Plaintiff

requests that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call.

91. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

92. All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant FRS for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

_____
**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE**

_____
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

Financial Recovery Services, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104